Case No. 14-5171, National Security Counselors Appellant v. Central Intelligence Agency et al. Mr. Moss for the Appellant, Mr. Pinnock for the Appellant. Good morning, Your Honors, and may it please the Court. My name is Bradley P. Moss, Counsel for the Appellant, National Security Counselors, Inc. With me at the Counsel table is Cal McClanahan, who, as the Court is aware, handled litigation at the district court level. There are three primary issues I'd like to be able to address this morning that I believe are substantively important to the adjudication of this case. The government, in their opposition brief, has raised several tangential procedural issues. Unless any members of the Court have specific questions on those matters, I'm simply going to let the reply brief speak for itself on It is NSC's position that, under the ruling in Baker v. Hofstetler and the standards set forth therein, it qualifies as being eligible as an organizational litigant to recover attorney's fees for work performed by in-house counsel. Of course, the Baker case set forth, or, sorry, implemented Footnote 7 of the Supreme Court's ruling in K. K. had concluded that pro se attorney litigants could not recover, excuse me, could not recover attorney's fees. However, in Footnote 7 of that majority opinion, Justin Stevens drew a distinction between pro se attorney litigants and organizational litigants, finding that organizational litigants are automatically, inherently represented by in-house counsel. But the, you know, I hear, I see the language there, but the background music in K. was all about AIESCA, right? A big corporation with a big in-house counsel's office. That's what the Court, I mean, it didn't say that, but it talks about in-house counsel. And in Baker, it was a big law firm, so I guess my question is, when we try to understand what this language means, do we have to take into account that? In other words, what was it like we face here, which is a lawyer with his own corporation? Prior to that, I think, I believe Cuneo would have been the controlling precedent, which actually found that even pro se attorney litigants could recover, let alone a small organization or corporation represented by a lawyer who is the primary official. Berka doesn't say that a pro se attorney can't recover? Correct. Berka came after, sorry, Berka overruled Cuneo because it came after K. So I'm sorry, I was confused with your question. So Berka, a pro se lawyer can't. Well, let me ask you this. Under your view of K. and Baker, could a lawyer in sole practice incorporate and by that way become eligible for fees? Is the way I read Baker at the moment, yes, I believe there's a rebuttable presumption. Rebuttable, not procedural, but a rebuttable presumption. So then under your view, what happens to all the language in K. about the need for independent legal advice? I believe that the language in K. is expressed in that majority opinion was much more concerned with when it's strictly a pro se lawyer, when it's strictly the question of effective separation in terms of an actual attorney client relationship. So to expand upon it for purposes of this case, if the government had believed that Mr. McClanahan had incorporated NSC for the sole purpose of being a one man shop, sole practitioner, just incorporated running FOIA cases to get fees, putting aside that I'm standing here and I'm obviously not Mr. McClanahan, putting aside that the record shows that there were other individuals working for NSC, but even if you put all that aside, the burden would have been on the government to have properly raised the alter ego argument at the district court to justify piercing that corporate veil. Under Baker, as far as I read the language set forth by that panel, an organization is an organization is an organization. They're not going to slice and dice what is an organization and what is not organization for purposes of footnotes. What do you do with the language in Baker? It says, it says footnotes seven suggests that in-house counsel for a corporation is sufficiently independent. In other words, Baker isn't Baker. Baker is viewing a footnote seven as saying that in-house counsel is sufficiently independent. In other words, you still have to have independence. Correct. And so doesn't Baker require that we ask the same question here? I don't believe that Baker, and at least that's not the way I read the subsequent language in terms of making clear they're not going to slice and dice what is an organization. I thought you just said that if the government had made that, that it basically puts, creates a presumption of independence where there is a legally separate entity, and then there's a burden on the challenger, the government, to say, no, no, we're not giving fees. This doesn't fall under Kay. This doesn't fall under Baker because here there isn't independence, notwithstanding the formal independence of the natural person and the organization. Correct. It was their burden to do so, but they had to still, it had to properly raise the alter ego argument itself as a legal matter before jumping ahead and piercing the veil. Well, see, that really does undermine your argument about what Kay means. I'm not sure what he means with what he just said. Sure. Let me, allow me to clarify. The way it occurred in the district court was that Mr. McClanahan, on behalf of NSC, submitted the motion for fees, establishing his eligibility under Baker. When the government raised its objection, it went right to the factual issues of whether or not Mr. McClanahan and NSC are one and the same. It went right into the factual details of what would be akin to an alter ego argument, but it never addressed the two-pronged test set forth that the government has to meet first. In its essence, the government asked Mr. McClanahan. You mean the FOIA two-pronged test? What two-pronged test are you talking about? What are you talking about? Give me one moment, Your Honor. Let me find it from the brief, in our reply brief, because it was only raised for the first time by the government in their opposition. You're saying there's something different between one and the same and an alter ego argument? I'm saying that there's a legal requirement that's imposed on the government first before they can pierce that, yes. I don't know what that means. Are you saying one and the same argument is different from an alter ego argument? I don't believe that there's been a case law or a restitution. Well, that's why I'm confused about your argument, because the government certainly did raise the claim below that they're one and the same, and if that's essentially the same as alter ego, then I don't know what you think they didn't do. I think that the elevating form over function almost makes sense here. The citation I was looking for for the two-pronged test is North American Steel Connections Incorporated versus Watson, which was actually from the Third Circuit, but it was the only one that provided any details of this test, because this circuit has not. Wait, tell me, what's this two-pronged test? Two-pronged test. First, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, and second, adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice, and as we outlined in our reply brief, even if we assume for the sake of argument the government could have met its burden on the first prong, its entire argument on the second prong, which is, again, only being brought up in this appeal, is simply that to allow NSC to recover fees for the work performed by Mr. McClanahan would frustrate statutory policy. For such a serious issue of piercing a corporate veil, the entire argument is a one-line throwaway sentence without any further detail. Yeah, you said, well, so they're raising the argument, you're quibbling with how they did it. That's why I was curious what you're talking about, they didn't do the two-pronged test first. They are essentially saying one and the same, and they're essentially saying, well, to EGLE, you seem to be arguing, well, no, they just didn't need it below. Whatever they said about that below was too spare, and they can't add facts here, and their argument here is still only spare. I don't, they raised something like what you're talking about below. You're saying they didn't do it well enough. I'm saying that they raised the factual issues, they did not raise the legal one that they had to satisfy before they could get to the factual case. They didn't mention, the words alter ego are not found anywhere in their briefs in the lower courts or the district courts. Okay, so just giving the district judge the benefit of the doubt, she holds that Mr. McClanahan is both NSC's counsel and the executive director of NSC. In effect, both the counsel and the party. So, that is sort of your finding of lack of separation. And then she says, in terms of like what public policy this contravenes, it contravenes the policy that Judge Tatel was pointing to that's expressed in K, which is a policy of having fees be awarded and create an incentive for representation in a case where attorney and client are separate, and therefore where you get arm's length independent legal advice. And so, as I read her opinion in the way most sympathetic to the government, and I'm saying this not because I've decided it, but to ask you to respond. If you read it that way, why isn't it responding exactly to the standard that you're saying they haven't met, and meeting it by saying, you know, this is not what the fee statute's about. There's not the independence that the Supreme Court has required in K. So, why is there independence? Just because there's a formal separation here of organization and man. Well, those are two separate questions. Are you asking the separation question, or how she actually did more or less Judge Henderson did what you think I should? Both. Okay. From the formal separation standpoint, putting aside that there are others, Mr. McConaghan was in House Counsel, and he's not the only managing director. There's other lawyers, as we noted, who have participated, aside from, for instance, myself. I've participated in the lower district opinions. We obviously didn't have the opportunity to necessarily outline every particular detail of every billing invoice I could have pulled to show where I did work that wasn't built to the government for other cases. I hold, actually, three hats, technically, in my professional life, one of them being the Deputy Executive Director of NSC. As we outlined at the lower court, there are interns, there were up-counsel attorneys who performed work that wasn't built to the government because it wasn't done for cases, it was done for administrative actions. NSC is not simply a FOIA firm. It's a non-profit public interest law firm that, in addition to representing itself in FOIA cases, represents clients in FOIA cases and in personnel actions. Mr. McConaghan himself was before a separate panel of this circuit just last week to argue on behalf of a client. It wasn't an NSC case, it was a Sharif Mowgli versus, I can't remember the agency's, I think CIA at all case. So, there are clients. And so, that was the difference. That was where I viewed the notion that there wasn't sufficient independence. There are multiple attorneys who work for this firm. Is it a Baker and Hostetler global firm with 200 lawyers and multiple offices? No. But as far as I read that circuit case law, that wasn't required. If Baker case wasn't saying, if you are a major firm, you qualify, and all little start-up firms, sorry, you don't. Let's assume that the narrower scenario posed by the government and the district court, I think that is, it's a one-person operation. Let's assume that, okay? And they're essentially positing the suggestion that in such an operation, whether it's incorporated or not, you cannot possibly have a presumption of independence. If the person who is the operation is the attorney, you can't have independent judgment being exercised. What's your response? Because that's at the heart of what the district court is saying, and that's certainly what the government is arguing. Forget the quibble over whether you're right that the organization is more than just the single person. If we're assuming that NSC is Cal McClanahan, and Cal McClanahan is NSC, and he's essentially a pro se attorney litigant, that's where the alternative argument that we raised in both our opening and reply brief, that was not, it would have been futile to raise it at district court, because the district court wouldn't have had any authority to address it. What we are raising here on appeal is whether or not the premise underlying BRCA, the concept of why in a FOIA case, a pro se attorney litigant should not be allowed to recover fees that were performed by in-house counsel, remains valid law in light of- Well, but you can't make that argument before this panel. Correct. You're not going to get anywhere with that. Give me a response that you have to offer. That argument goes nowhere. What's your response to that question? If BRCA holds, if BRCA holds that Mr. McClanahan is a one-man shop, and NSC is Mr. McClanahan, then quite simply, NSC loses. There's no dispute. If the holding is that Mr. McClanahan and NSC are one and the same, then there is no argument. It's never been our argument that he could, under existing law, recover as a pro se attorney. That was the alternative- No, no, no. The attorney assumes the answer to the question, because to say that is to just say, for example, the question is, are you conceding that if the record is that there is a clean entity and it does work, but it consists of one person who is also the person who does the legal work and is seeking fees, that that's the end of it? But it's a legally separate entity that's set up as an LLC that has a legal status as a separate legal entity. Set up as a corporation, not as an LLC. Yeah. I was making the assumption, because that was, I believe, Judge Edwards, the question you had asked if we assumed that the conclusion was that he is a one-man shop. I do. We do not. I'm saying if we assume it's a situation where you have nothing but one man or one woman in this legal entity, then what's your answer to that question? My answer to that would be that would be most likely, yes, a pro se attorney litigant. Because that would be, to pierce that corporate veil, I believe the government would be able to meet its burden in that circumstance. If there is just one attorney, if it's just me and I incorporate as Bradley P. Moss Incorporated, then that would be a justifiable argument. The government pierces the corporate veil simply by pointing out that there's only one person? I say that. Or they have to make a showing that there's not a separation. They would have to make a showing, both in the first prong, which would address this issue of the separate person, but also meeting the second prong of the sanctioning of fraud. I would want to mention that I just got past that. Sorry. Suppose I don't agree with you that Baker now means that there's a sharp distinction between organizations, that any organization now qualifies. Suppose I don't agree with that. And I think that we still have to find evidence, as Baker said, of sufficient independence. There has to be something in the relationship between the lawyer and the entity to show that there's room for independent judgment. Assume that that's what I think. What's your best argument that this record shows that? Remembering that it's not only that, but that the district court abused your discretion by finding that it didn't. Sure, Judge. There are... You see my question? Yeah, I understand the question. So what's your best evidence that in the relationship between Mr. McClanahan and the entity, there is a structure within which independent judgment of some kind can be exercised? There are three managing directors. There are, at least at any given time, two attorneys who are operating under the firm's name. But are they the client? I mean, does Mr. McClanahan, when he brought this case, did he have to clear it with those three lawyers? I would say that's... Putting aside that, I think that's beyond the records. I don't think that was ever addressed either way. Right. Well, that's what I'm asking you. Where is the independent judgment? It doesn't mean... Why would there be independent judgment if there's another lawyer in the organization? You mean McClanahan's operating independently of that lawyer? I don't think that's what the Supreme Court meant. For the same reason that a... An attorney-client-like relationship, one where there's an entity making ultimate decisions or at least involved in the decision-making. Where is that in this record? In this record, and minding that all we had was the opportunity of one reply brief... I know, but I'm just asking... To address that. In the record, it shows that other lawyers are consulted, that inherently there is an entity that, because it's a corporation, which is... Okay, but that's... Now you're going back... I... My question is based on the assumption that I don't accept that. That there is no... It's... A corporation's... My hypothetical is, I don't... Assume that I don't agree with you that corporations are automatically eligible because there's a presumed attorney-client relationship. Assume I don't agree with that because I view Kay and Baker as focusing on completely different situations where you have a huge corporation with in-house counsel and a huge law firm with some of the partners acting as counsel. Assume I think that that's a different case than this one. What's the evidence in the record that shows, to use the language of Baker's sufficient independence? The evidence that I would put forward is the simple fact that he is not the only decision-maker who gets to decide. Just like with any other law firm, just like with Baker and Houseteller or any other firm that is representing itself, there are multiple lawyers involved in decision-making, making that decision on behalf of the law firm. That is the same circumstance here, that Mr. McClanahan is not the only one who has the authority to make decisions for NSC. He's not the only one who's serving as a lawyer for NSC. So you're saying the district court was clearly erroneous in her findings? As a matter of law, yes, but for a factual matter, it's abuse of discretion. Right. Abuse of discretion. Correct. The district court was just wrong. Correct, Your Honor. Abuse of discretion. Correct. In her view of a factual matter. Right. Correct. All right. Okay. Do you have anything else? No, thank you. Okay. Thank you. Thank you. May it please the Court, Mark Bennett on behalf of the defendant, please, the CIA and the Department of Defense. I think that the central issue here is one the Court has already grappled with, and that is whether, as a matter of law, the district court was prohibited by footnote 7 in K and this Court's decision in Baker and Hosteller from conducting a factual inquiry into the separateness of NSC apart from Mr. McClanahan. And to say that poses the question in its most poignant form, because that would truly be a unique holding. As this Court's decisions in Shatner, Valley Finance, and Quinn all point out, there are the district courts, trial courts, traditionally in, sits in equity to conduct that very sort of factual inquiry in a whole canopy of legal areas. So this would be the only area in the law in which the district court was bound by law from conducting that equity inquiry. I don't think that the appellant is making quite that aggressive an argument. I think that the key may be whose burden is it and what's the presumption. And there are many, many areas in the law in which the formal presence of an entity is deemed to be, you know, sort of prima facie evidence of separation. And so then the question is, did the district court just sort of barrel right over that and not actually put the burden on the government to show there's a lack of independence here? Or is it the burden, or, you know, was the district court completely within her own rights? There's an affirmative need to show independence under K. So that's sort of the question. What's the burden? One is the need of the fee applicant to show eligibility. Now, K makes clear that a pro se attorney is not eligible, and Burka as well. Then that's plaintiff's burden. And let's assume, you all know that we have the burden. Wait a minute, wait a minute. I'm not sure what you're thinking about that. They're meeting that, at least facially, by saying we fit in Baker. There's an entity and there's an attorney. Yes, and at that point, the government, in this case, actually came forward with evidence. Right, so you agree they met that burden. We think we met that burden. No, no, they met their burden. The first one you said they have to meet. They showed that there was an attorney. I'm willing to assume that for purposes of the case. I'm trying to follow where the two of you are going. I understand, Your Honor. So we met the burden of coming forward with evidence that shows, in fact, that there is no independence. And I need go no further than what Mr. McCannaghan said to Judge Howe months after NSC was incorporated, when he had firmly represented, and this is important, so I'm going to quote it to the court, with respect to the general rule that it's not good practice to provide information to a party's counsel that cannot be shared with the party itself. Such is not the case here, since the underside, Mr. McCannaghan, is both NSC's counsel and the executive director of NSC, in effect, both the counsel and stress. Right, right. But that is in a different context. That's in the context of confidentiality, whereas here we're talking about the context of decision-making, and we're talking about is there an interest under the law that an entity has that's distinct from the interest of the person. And I could set up an LLC that's for, you know, the promotion of trees in D.C., and that LLC could be, that could be its one and only interest, and I, as a human being, have a lot of other interests. And so even though I'm the only person around, my LLC and I are actually legally distinct, and that's ubiquitous in the law that we understand that. So then the question, I think, for you is the same question that we were asking of appellant, which is what's your best evidence, in addition to what you just read, is the quote, which I take, you know, potentially to be not as strong as you think it is. What other evidence is there of lack of independence? And, indeed, the district court identified that evidence. We have that Mr. McCann was, in fact, the only founder. He is the only officer, as reflected in the corporate reports filed by the Commonwealth of Virginia. He is, in fact, in charge of paying himself his fees, whatever fees he may have. We have no evidence here that there is any sort of actual collaboration with outside counsel with respect to the case before you. Indeed, I want to bring to the court's attention the Berker holding, in which the court not only talked about Mr. Berker himself, but also denied fees to the co-counsel of Mr. Berker, who were in the same firm and who acted under the direction and control of Mr. Berker. And the court nonetheless held that fees for that co-counsel were likewise barred. So it matters not a hoot that there are other individuals in NSC other than Mr. McCallaghan. Let me go back to a different point. I understood the plaintiff's argument to be that they don't even have to get to any of those questions because they view Kaye as interpreted by Baker as saying, this is an organization that ends the matter. That's their position. I read their brief as saying that as a matter of law, you inquire no further as long as it's corporation. So what's the matter with that, given the language of Baker? Well, I think neither Berker nor Baker nor Kaye, and it is, after all, Dictum and Kaye, ever addressed a situation where it is factually open to attack whether there was, in fact, a separate entity of court. Why do we assume or why are you assuming that the attorney in Baker, to whom the fees were given, exercises more independent judgment than the individual on the question here? Because one way to read the district court's ruling is if it's a one-person operation, as a matter of law, you lose, which I find very troublesome. So to get at my concern, what is it? We're talking about you're arguing that there's got to be evidence of independent judgment. Why do we know that the attorney in Baker is doing that better than a person in a so-called one-person operation? Well, one huge distinction, of course, is the distinction that Judge Taylor alluded to earlier, that Baker and Huffstetter included many attorneys of equal standing. So what? That's not my question. That's not my question. My question is how do you know there's independent judgment of the sort that you're trying to rely on that is more sufficient there and inadequate here? Well, the court was willing to assume in the context of the Baker and Huffstetter that on the particular facts they're presented, that that particular attorney represented an entity beyond itself. Now, Mr. McCallaghan asks you. Why should I assume that about the individual here? No, I don't think you can. Why? Unless you're willing to assume as a matter of law there's no further inquiry, which is the legal holding that this plaintiff wants the court to adopt, which would be unprecedented when you think about alter ego law saying that there is no test. It is a matter of the circumstances presented. The answer is, I thought this is where we were going. I'm really trying to, the two of you are confusing with your arguments now. So your answer is, yeah, I'm willing to accept the presumption. If there is a legal entity and there's an individual, it presumptively fits Baker, but I have the defense or I have the burden to show alter ego and I think that's met here. That's what you're saying. I am saying that, Your Honor. Okay. And suppose I say to you, I don't think the district court really addressed it carefully that way, and even if you're right that you can come back and the other side seems to be agreeing with you. If you are right, doesn't the district court now have to make findings of a sort that would address that question? I think the district court did that. I'm sorry, I'm throwing out a number of things at once. Can you raise the alter ego question in Baker? Well, it wasn't raised in Baker. Can you, under your theory? I suppose theoretically you could, but it doesn't seem like it would be applicable there, since you have a giant law firm, hundreds and hundreds of lawyers. That assumes that the independence being exercised is different there than in this situation. And I think it obviously is, Judge Edwards. Well, that's interesting, though, because this is a little, this is why I think the law is so persistent and consistent in honoring the formality of the corporate firm, because actually it seems like under your analysis you would have to do the alter ego analysis in a case like Baker. So you have a big law firm, but we also all know that partners have their own practice areas, and you could have a situation in which a partner decides to represent herself, and anybody who's working under her absolutely has no independence say. She's the M.A.R. of the whole thing, and she doesn't have independence. She recklessly has biased and self-interested and blinded judgment, and she does a bad job and she seeks fees. And you're saying just because it's a big law firm and there are a lot of people around who could be checking her, that's, yeah, you could make that inquiry, but you won't. But I think what I'm concerned about, I know I'm saying this in a long-winded way, but what I'm concerned about is that if we don't accept the formality as the presumptively satisfactory and put a real burden on the government to show lack of independence, then we're going to look at every case like this. Well, as a practical matter, you won't, because the government won't raise it for your litigation. Secondly, by the way, that sort of inquiry that your Honor is talking about, the government won't what? Raise it. They normally raise it when we have a big firm that falls within a time frame. But that's not the case you were just asked about. What about a small firm with two lawyers? I mean, it's going to come up in every case. Your Honor, that's. The government isn't going to start paying fees just because. The government's going to raise this in every case. Your Honor, that is the very sort of inquiry that the Fourth Circuit contemplated in Baum v. Blum, the very case that you are, this Court, cited in Baker v. Huggins. They were pondering out loud. They didn't have the situation before them, and they didn't clearly indicate what to do. And they weren't laying out what's the test, what does the government have to show? Well, no, Your Honor. The Fourth Circuit, they're not helpful that way. Well, it is helpful that this Court in Baker talked about the very analysis that the Fourth Circuit talked about in that case, when it said that the Fourth Circuit had acknowledged that there was independence. There was a non-independence in the sense that the facts didn't present it. So I think the factual inquiry is certainly open. Suppose in this case the three lawyers, Mr. Moss, Mr. McClanahan, and who was the third one? Suppose there was evidence in this case that in the structure of the corporation that those three were functioning as a board of directors with decision-making responsibility. Would that be enough? By itself, it may or may not be, Your Honor. Why wouldn't it be enough? You have an independent board running the entity, making decisions, and you have a lawyer. Now, true, the lawyer's on the board, but he's not a majority. There's three members. The lawyer's only one. Why wouldn't that be enough? Well, you still have to have a factual inquiry of the type contemplated in BRCA itself as to whether or not the other lawyers were working under the direction and control of the person who's seeking fees. That's the holding of BRCA. So if, in fact, they're independents and, in fact, there is a— Is that the holding of Baker? Well, it's BRCA, actually, Your Honor. Baker. Well, Baker— That's what I'm not getting. I really don't know. I know you want to assume, because it's more than a one-person operation, there must be independents. No, I don't want to assume that. The law firm is the worst example to prove that point. It seems to me more likely than not, in many cases, proves just the opposite. A lawyer within a law firm, where there are all kinds of pressures that are being imposed, I'm not willing to assume independents. And you seem to say, well, we have to assume because it's more than one. Your Honor, I'm not saying you have to assume it at all. I'm saying it's a factual inquiry that the district court needs to undertake in every case subject to abuse of discretion review by this court. Now, precisely because it's a factual inquiry under a standard of review, by the way, this is not the North American Steel. That case was a non-reported Third Circuit decision applying New Jersey law on piercing the corporate bill for the purpose of holding the shareholder liable. Not the situation here at all. And the standard articulated there was a New Jersey standard. So that's not the test. The test is outlined in Valley Finance and Quinn and Shatner here, where there is no standard. It is what the district court undertakes to inquire as to the factual sufficiency of the independents. I think, you know, this question is more vexing, I think, in the case situation than honestly it is to me, at least under FOIA, because under FOIA you have the eligibility prong, which we're talking about here, but you also have the entitlement prong. And isn't it enough, even if the eligibility prong is relatively generous to a one-person firm, there's a check against fees to someone who just runs around D.C., FOIA, FOIA, FOIA, under the entitlement prong now? Well, yes, there is. And we certainly make that argument that the court never got to here, but that doesn't necessarily excuse the court from applying the underlying policy considerations articulated in Kay and Berka. Which of the factors under the entitlement prong would you apply to this? I'm sorry, Your Honor. Which? I mean, I don't even. You said you dealt with this in your brief. If we were to deal with this, suggest that this be dealt with under the entitlement section, which factors would apply? One of the things would be whether it's in the public interest to award fees to this individual, for example. I mean, some of these fees. Well, what would you say? Well, it's not because he doesn't have sufficient independence from the entity? I don't think that would be part of the inquiry that eligibility contemplates. Right, that's why I asked you the question. I don't think that contemplates it at all. Well, what does? I think that falls under the eligibility criteria, not the. . . The alter ego, that would be part of the eligibility fight in your view? Yes. Okay. I'm not contesting. I'm trying to figure out what you all are arguing. I understand, Judge Edwards, because eligibility means that he has to show that he's not a pro se litigant. And the district court made factual findings in this case, based on the record, that he was indistinct from the corporation itself. Anything else to you? Okay. Pardon me? Okay. Thank you. Thank you, Your Honor. I think Mr. Moss was of all time. Mr. Moss was of all time. Okay. You can take two minutes, if you'd like it. I appreciate it, Your Honor. I actually just have a couple of really quick quotes just to address some cases. You have two minutes. Yes. Do it as quickly as you can within those two minutes. For the alter ego argument, in terms of government counsel's comment that this is not, that North America Steel is not D.C. Circuit case law. Here's the two quotes from D.C. Circuit, from Shatner. Veil piercing is an extraordinary procedure that is not to be used lightly. This is from Quinn. If any general rule can be laid down in the present state of authority, it is that a corporation can be looked upon as a legal entity as a general rule, and until sufficient reason to the contrary appears. But when the notion of legal entity is used to defeat public convenience, justify wrong, protect fraud, or defend crime, the law will regard the corporation as an association of persons, which is the same concept of the second prong from North American Steel connections. They have to meet that type of a burden to demonstrate sanctioning fraud, defending crime, something serious. Why do you think the district court views the discretion in finding, essentially finding, that you lose on alter ego? Well, when it came to the, as a matter of law, we've indicated that we believe it's not an abuse of discretion review. It's de novo, that she, as a matter of law, that she misinterpreted the case law. So this should not be an abuse of discretion issue, that she applied the incorrect legal standard when she applied Baker. I believe we set that forth in both our opening and our reply brief. Just for one last thing to address, because I believe the question was asked and the Bond case was mentioned in terms of the attorney-client relationship with a firm with a small number. This is, again, a quote from Bond, which is in our opening brief. When a member of an entity who is also an attorney represents the entity, he is in an attorney-client relationship with the entity, and even though interested in the affairs of the entity, he would not be so emotionally involved in the issues of the case so as to distort the rationality and competence that comes from independent representation. What are you citing there? That's Bond v. Bloom. That's the Fourth Circuit case that the government counsel also mentioned, which is on page 25 of our opening brief. Thank you, Your Honors. Okay. Thank you. The case is submitted.
judges: Tatel, Pillard, Edwards